**Marvin A. HEIDT and Beatrice Heidt, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 12691.**

United States Court of Appeals
Seventh Circuit.
Dec. 14, 1959.

See publication Words and Phrases, for other judicial constructions and definitions of "Ordinary and Necessary Expenses of Carrying on any Trade or Business".

John L. Carey, William T. Oare, South Bend, Ind. (Seebirt, Oare, Deahl & Thornburg, South Bend, Ind., of counsel), for petitioners.

Charles K. Rice, Asst. Atty. Gen., Tax Division, Joseph Kovner, Atty., Dept. of Justice, Washington, D. C. (Lee A. Jackson, Robert N. Anderson, L. W. Post, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before HASTINGS, Chief Judge, DUFFY and PARKINSON[1], Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from a decision of the Tax Court of the United States involving deficiencies in federal income taxes of petitioners, Marvin A. Heidt and Beatrice Heidt (appellants), Tax Court Docket No. 62377. The opinion was filed February 18, 1959, and decision was entered pursuant thereto on February 19, 1959.

The respondent, Commissioner of Internal Revenue (appellee), determined deficiencies in income tax of appellants for the calendar years 1952 and 1953 in the amounts of $851.16 and $996.35, respectively. The evidence in this case consisted of a stipulation of facts, oral testimony and exhibits; and upon the basis of this evidence the Tax Court made findings of fact which may be summarized as hereinafter set out.

Petitioners are husband and wife, reside at South Bend, Indiana and filed joint federal income tax returns for the calendar years 1952 and 1953. During 1952 and 1953, petitioner Marvin A. Heidt[2] was employed in South Bend as a vice-president in charge of industrial relations for Bendix Aviation Corporation (Bendix). His duties included setting for himself and his subordinates reasonable standards with respect to the use of expense accounts. He passed upon the correctness of such accounts, other than his own and those of other vice-presidents. The president of Bendix reviewed taxpayer's expense accounts.

In the discharge of his corporate responsibilities it was necessary for taxpayer to travel for Bendix during each of the taxable years. These trips were made primarily by commercial transportation, usually by rail or air. On many occasions such commercial transportation originated at places some distance from South Bend. It was his practice to go to these places in his personal automobile; upon arrival he would put his automobile in commercial storage until his return, at which time he would reclaim it and drive back to South Bend. He also used his own automobile locally to transport Army and Navy dignitaries visiting Bendix at South Bend, as well as Bendix employees who came there from other Bendix locations. On their 1952 and 1953 income tax returns appellants claimed as deductions automobile expenses of $1,666.62 and $630.22, respectively, attributed to the foregoing use of his automobile for company business purposes.

During the taxable periods, Bendix had a general policy of reimbursing its executives and employees for commercial transportation, automobile, food, lodging, entertainment and miscellaneous expenses, provided such expenses were incurred in carrying out company business. In each of the years 1952 and 1953, taxpayer filed approximately 34 expense vouchers on forms provided by Bendix and was reimbursed for expenses claimed thereon. He regularly claimed reimbursement for commercial transportation, lodging and food, but not for expenses incurred in using his own automobile.

With respect to automobile expenses, employees of Bendix, including executives, were entitled to reimbursement in 1952 and 1953 at the rate of seven or eight cents a mile pursuant to a rule set out in the written minutes of the Administrative Committee of Bendix. Taxpay-

1. While Judge Parkinson participated in the hearing of oral arguments and a conference of the division judges abovenamed, he was not present at the time of, and did not participate in, the adoption of this opinion. He concurred in the result reached in this opinion.

2. He will be referred to herein as the taxpayer, his wife being a party solely because joint returns were filed.

er occasionally used a company car, the executives of various Bendix divisions having available for their use on company business automobiles owned by the company. Employees, other than executives, drove their personal automobiles when required to use such transportation on company business. Taxpayer had no knowledge that Bendix executives claimed automobile expense reimbursement for the use of their personal cars.

These findings of fact are amply supported in the record.

In addition to the foregoing findings we note that it was stipulated by the parties that "Bendix Aviation Corporation, in giving Mr. Heidt [taxpayer] authority to pass upon the expense accounts of others, assumed that he would set up such reasonable standards for himself and others as he considered necessary or appropriate to the discharge of this function."

Taxpayer testified that he promulgated an *oral* rule for himself to the effect that he would not claim reimbursement for expense incurred in the use of his privately-owned automobile while employed on company business. He testified further that the Administrative Committee had knowledge of this practice on his part but that no written record was made relative to it. His purpose in following this course was to avoid possible criticism in dealing with his subordinates in such matters.

The sole contested issue before us is whether the Tax Court correctly sustained the Commissioner's determination that the amounts deducted by taxpayer for automobile expenses in 1952 and 1953 do not constitute ordinary and necessary expenses of carrying on his trade or business within the purview of Section 23(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. (1952 ed.)[3]

The burden of taxpayer's contention is that all of the expenses here involved constituted *ordinary and necessary expenses of earning his salary;* that he was precluded from claiming reimbursement from Bendix because of the limitations he imposed upon himself pursuant to the *oral rule* he promulgated pursuant to company authority; and that such rule was based upon his sound business judgment and was necessary to enable him properly to discharge his corporate responsibilities.

Taxpayer cites no case in support of his contention, and we know of none. He relies upon his own interpretation of the statute. He seeks to draw a parallel with deductions of the type approved in a recent ruling of the Internal Revenue Service, Rev.Rule 57–502, 1957–2 Cum. Bull. 118.[4] However, we think the claimed parallel does not run true. Recourse to the memorandum upon which the ruling was based clearly indicates that it relates to expenses incurred by an employee as a *principal* rather than as a corporate *agent*. Examples falling under the "principal" category are those where the employee is expected to make certain expenditures in order to earn his salary, without reimbursement from his employer. Such expenditures would be deductible by the employee and not by

3. "§ 23. Deductions from gross income.
   "In computing net income there shall be allowed as deductions:
   "(a) [as amended by Sec. 121(a), Revenue Act of 1942, c. 619, 56 Stat. 798] Expenses.
   "(1) Trade or business expenses.
   "(a) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *."

4. "A corporate officer who claims deduction for traveling and entertainment expenses incurred on behalf of a corporation must bear the burden of proof that he is entitled to such deductions. Reimbursement for such expenses to the corporate officer or a resolution requiring the assumption of such expenses by him would tend to indicate that they are a necessary expense of his office. However, the absence of such evidence would not of itself necessarily result in the disallowance of deductions, provided it can be established otherwise that the expenses are a necessary expense of the office."

the employer.[5] And, in cases where the employee is not required by his employer to make the expenditures as a condition to earning his salary and is not reimbursed for making them, such expenditures may be deductible where they have a direct bearing on the amount of his compensation and are made in good faith.[6]

In the instant case we have a situation where the automobile expense incurred by taxpayer was for the benefit of the employer and taxpayer was clearly entitled to reimbursement. The employer is entitled to the deduction, and the employee who receives reimbursement is entitled to offset and deduct his expenditures from his receipts. Under such circumstances the employee ordinarily realizes no income and incurs no individual expense as a result of the transaction. See, Treasury Regulations 118, Sections 39.23(a)-1 and 39.23(a)-2, promulgated under the 1939 Code.

Taxpayer seeks to avoid this by relying upon his self-promulgated oral rule. There are many reasons why this contention falls. The circumstances surrounding the adoption of such rule are vague; it was oral and affected only taxpayer; there is no showing that the employees over whose expense vouchers he had approval authority ever knew of its existence; he had no authority to pass upon his own expense vouchers in any event; and he apparently had no reluctance in claiming reimbursement for a variety of other travel expenses. We agree with the Tax Court "that his use of his own

automobile was based primarily on considerations of personal choice and convenience and certainly not upon any necessity of office," and that "[t]his being the case, his decision not to claim reimbursement for automobile expenses, *while perhaps sincerely motivated,* cannot convert what would properly be Bendix's expense into ordinary and necessary business expenses of his own." (Emphasis added.) It was not shown that taxpayer's salary was affected by his practice of not claiming reimbursement. In such a case the claimed deduction might have been allowable. Cf. Horace E. Podems, 1955, 24 T.C. 21.

We have concluded that the case as presented is one where the taxpayer voluntarily gave up reimbursement that he was entitled to receive and could have received if he had claimed it. He is thus attempting to convert the employer's right to a deduction into a right of his own. This he cannot do. Deputy v. Du Pont, 1940, 308 U.S. 488, 494, 60 S.Ct. 363, 84 L.Ed. 416. We hold that the automobile expenses deducted by appellants in their 1952 and 1953 federal income tax returns were not ordinary and necessary business expenses of taxpayer.

In view of our disposition of this case on the foregoing grounds, we do not reach the question of the *amount* of taxpayer's automobile expense allowable as a deduction.

Finding no error, we hold that the decision of the Tax Court is correct, and it is

Affirmed.

5. See Schmidlapp v. Commissioner of Internal Revenue, 2 Cir., 1938, 93 F.2d 680, 118 A.L.R. 297; Penn v. Robertson, D.C.M.D.N.C.1939, 29 F.Supp. 386, 387, affirmed on other issues 4 Cir., 1940, 115 F.2d 167.

6. In Harold A. Christensen, 1952, 17 T.C. 1456, it was held that the amounts spent by a field manager for the entertainment

of salesmen under his supervision were deductible because they were spent in good faith to maintain good relations between himself and the salesmen in order to build up the business and thus increase his personal bonus based upon increased sales. He was not required to make such expenditures nor could he claim reimbursement for them from his employer.