Jack C. and Leona S. Morgan v. Commissioner.
Morgan v. Commissioner
Docket No. 2073-63.
United States Tax Court
T.C. Memo 1965-123; 1965 Tax Ct. Memo LEXIS 206; 24 T.C.M. (CCH) 644; T.C.M. (RIA) 65123; May 10, 1965
*206 Held, that in the absence of a showing that the petitioner was required to bear the costs of use and operation of his personal automobile in carrying out his duties as an employee, such costs are not deductible by him as ordinary and necessary business expenses under section 162(a) of the Internal Revenue Code of 1954. Jack C. Morgan, pro se, R.F.D. 1, P.O. Box 20, Willits, Calif. Daniel Lee Stewart, for respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income *207 tax for the taxable year 1961 in the amount of $232.10. The parties have reached agreement as to all the issues except that of whether the petitioner is entitled to deduct as an ordinary and necessary business expense, pursuant to section 162(a) of the Internal Revenue Code of 1954, that portion of the cost of maintaining and operating his automobile, as well as depreciation thereon, attributable to the use of the car in performing duties for his employer. Findings of Fact The petitioners are husband and wife residing in Willits, California. They filed a joint income tax return for the taxable year 1961 with the district director of internal revenue at San Francisco, California. Hereinafter Jack C. Morgan will be referred to as the petitioner. Petitioner has been employed for 13 years by the Willits Redwood Products Company, Willits, California (hereinafter referred to as the company), which operates a complete lumber business from the cutting of timber to the processing of finished lumber. At Willits the company maintains its main plant and a railroad siding. It has a branch at McCann which is approximately 90 miles from Willits. It also has a logging *208 operation at South Fork, which is about 90 miles from Willits. During the year in question and prior thereto, the petitioner was employed by the company as a purchasing agent, parts co-ordinator, and supervisor of a two-way radio system. It was a part of the petitioner's responsibility to see that the machinery was kept in working order, which required him to travel in and around Willits and to points 25 to 50 miles from Willits to procure parts and supplies. It was also necessary for him to travel to various places of business of the company, including the branch at McCann and the logging operation at South Fork. In order properly to carry out his duties it was necessary that the petitioner have a vehicle at his disposal. The company had a pick-up truck which was occasionally available for petitioner's use, but he did not use it. Instead, he used his own automobile. In 1961 the petitioner drove his own automobile at least 10,000 miles in the above-described travel and expended amounts for gasoline, oil, grease, repairs, etc., of which no record was kept. In addition, the petitioner also used the automobile to some extent for personal purposes, including commuting between his residence *209 and his place of employment. Neither at the time the petitioner was first employed by the company nor thereafter did he have any discussion with the company as to whether he was required to use his own automobile, without reimbursement, in performing his duties. The company reimbursed him for cost of food and lodging while away on company business, but it has never reimbursed him for the use of his automobile or for the expense incurred by him in the operation thereof, and the petitioner has never sought reimbursement therefor. The company had a gasoline pump from which the petitioner could have obtained a commercial grade of gasoline for use in his automobile, but he did not use it because he preferred not to use this grade of gasoline in his automobile. The company also furnished the petitioner a gasoline credit card which, however, he did not use. In his income tax return for the taxable year 1961, the petitioner claimed as a deduction the amount of $900 as "Auto Expense for Co." for travel "occasioned by Duties as Purchasing Agent." Such amount was computed at the rate of 9" per mile for 10,000 miles and was intended to cover operating expenses and depreciation. In computing *210 the deficiency the respondent disallowed the claimed deduction of $900. Opinion The respondent having disallowed the deduction of $900 claimed by the petitioner as expense of operating his automobile in performing his duties for the company, the burden of proof is upon the petitioner to establish that he is entitled to the deduction. Welch v. Helvering, 290 U.S. 111. The petitioner contends that the respondent's determination was excessive and without a rational foundation and that therefore we should hold that he is entitled to the deduction of $900, citing Helvering v. Taylor, 293 U.S. 507. However, in that case the Supreme Court clearly pointed out that the burden is upon a taxpayer to show that the Commissioner's determination was invalid and to establish the amount of a claimed deduction. We cannot conclude that the petitioner has here shown that the respondent's determination was without a rational foundation. We are satisfied that the petitioner drove his automobile at least 10,000 miles in the taxable year in question in carrying out his duties, and that he incurred costs of maintenance and operation in so doing. The petitioner kept no records *211 of the amounts expended; rather, the deduction claimed is based upon a flat amount of 9" per mile. It is unnecessary to consider the question whether the amount which the petitioner actually expended, plus depreciation, amounted to that much per mile since, for another reason, we must hold that the petitioner has not established his right to the deduction. Section 162(a) of the Internal Revenue Code of 1954 provides for the deduction by a taxpayer of all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on his trade or business. [1] Section 262 of the Code provides that no deduction shall be allowed for personal, living, or family expenses. The petitioner's transportation, both at Willits and elsewhere, was in connection *212 with the company's business and unless the petitioner was required, as consideration for the compensation paid him, to bear the costs of using his own automobile in connection therewith, such costs constituted ordinary and necessary expenses of the company's business, rather than that of the petitioner. Heidt v. Commissioner, (C.A. 7) 274 F. 2d 25, affirming a Memorandum Opinion of this Court; and Horace Podems, 24 T.C. 21. In the Heidt case the Court stated in part: We agree with the Tax Court "that his use of his own automobile was based primarily on considerations of personal choice and convenience and certainly not upon any necessity of office," and that "[this] being the case, his decision not to claim reimbursement for automobile expenses, while perhaps sincerely motivated, cannot convert what would properly be Bendix' expense into ordinary and necessary business expenses of his own." It was not shown that taxpayer's salary was affected by his practice of not claiming reimbursement. * * *. In the instant case there is no affirmative showing that the petitioner was required to use his own automobile and bear the expenses of operation thereof in *213 the performance of his duties and as a condition to the receipt of the compensation paid him, the petitioner testifying merely that there was never any discussion between him and his employer in this regard and that he did not request reimbursement. The evidence does show that the company bore some of his expenditures while traveling away from Willits for the company, namely, the cost of food and lodging. The evidence also shows that the company made available to the petitioner a commercial grade of gasoline for use in his automobile, but that the petitioner did not use it because he preferred not to use this grade of gasoline in his automobile. The company also furnished him a gasoline credit card which he failed to use. While the petitioner testified, in effect, that he felt that it was his responsibility to his position to use his automobile and bear the expense thereof, other statements which he made tend to indicate he used his automobile as a matter of personal choice and convenience and did not claim any reimbursement because he preferred not to become involved in the bookkeeping which would be necessary if he had requested reimbursement. [2]
*214 Under the circumstances we must conclude that the petitioner has not met his burden of showing that he was required to use his own automobile and bear the expenses of operation thereof as a condition of his employment. He has, therefore, not shown that the expenses in question are deductible by him. Decision will be entered under Rule 50. Footnotes
1. Section 162(a) provides in part as follows: (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * *.↩
2. A part of the petitioner's testimony was as follows: * * * my vehicle and the way I perform is as much a part of my being and the way I go about doing things, things in order that a man may have his time for refreshment, work, labor, and repose, in order to accomplish what is to be done in his day's work, and I have worked out this plan over the years when I first went with the company, I had a little jeep station wagon, I performed in the same manner, and I bought this car when the jeep finally gave up the ghost, and I will continue to perform in this manner because this is the only way that I can perform and do my job. Without getting involved in all of the long, tormentuous bookkeeping of various other types of things, such as credit cards and this, and that, and the other, I feel that this is my responsibility to my position and my vehicle is part of my position. * * *↩