ROBERT LEE NEAL and JO ANNE NEAL, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neal v. Commissioner
Docket No. 2605-79.
United States Tax Court
T.C. Memo 1981-172; 1981 Tax Ct. Memo LEXIS 574; 41 T.C.M. (CCH) 1247; T.C.M. (RIA) 81172; April 9, 1981. *574 Robert Lee Neal, pro se. James J. Posedel, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 1,091 in petitioners' Federal income tax for 1975. The issue for decision is whether petitioners are entitled to a deduction of $ 2,280 for employee business expenses. FINDINGS OF FACT At the time the petition was filed, petitioners Robert Lee Neal and Jo Anne Neal, husband and wife, were legal residents of La Mesa, California. In January 1975 petitioner Robert Lee Neal (hereinafter Neal) became the executive director of the downtown branch (sometimes herein the branch), one of 20 branches, of the Young Men's Christian Association (YMCA) in Dallas, Texas. That branch in 1974 had incurred an operating loss of $ 70,000. Each branch in the City had its own board of managers and its own chief administrative officer, and was accountable for its own income and expenses. The metropolitan headquarters of the YMCA for Dallas directed Neal to put the branch on a self-sustaining basis and repay the 1974 deficit within 2 years. One of Neal's first steps as executive director *575 of the branch was to meet with all the department heads and develop ways and means of meeting the requirements of the metropolitan headquarters. The plan developed by petitioner and his department heads had several aspects. The branch had approximately 150 employees. With people leaving periodically, it was decided that no new employees would be hired, and attrition would reduce personnel costs. It was also decided that, despite a general policy of the DallasYMCA to reimburse its employees for expenses incurred in the use of their personal automobiles for business purposes, the payment of automobile expenses and conference travel for the branch's staff would be eliminated. In addition, no new equipment would be purchased and repairs of old equipment would be postponed. Under this plan, the branch succeeded in paying back the deficit within the 2-year period specified by the metropolitan headquarters. When Neal's work with the branch required him to travel locally, he used his own automobile for that purpose. During 1975 he drove his automobile 12,000 miles for business purposes. He also expended a total of $ 480 for parking and tolls in connection with his business usage of *576 his automobile in 1975. He was not reimbursed by his employer for these automobile expenses. On their joint Federal income tax return for 1975, petitioners claimed a deduction of $ 2,280 (12,000 miles at 15 cents per mile plus parking and tolls) for employee business expenses incurred in connection with the use of his automobile for business purposes. Among other adjustments in the notice of deficiency, respondent disallowed the deduction. OPINION It is true, and respondent argues, that a number of decisions of this Court and other courts have held that an employee may not deduct his employer's expenses as his own or deduct reimbursable expenses for which he neglects to claim reimbursement. See, e.g., Heidt v. Commissioner, 274 F.2d 25, 27-28 (7th Cir. 1959), affg. a Memorandum Opinion of this Court; Podems v. Commissioner, 24 T.C. 21, 22-23 (1955). That rule applies generally to reimbursable transportation expenses. But the facts of the instant case are unique. Upon being designated as the executive director of the branch in January 1975, Neal was directed by his employer to put the branch on a paying basis and to make up a $ 70,000 loss *577 within 2 years. One policy step, among others, taken to achieve these objectives was to require all employees of the branch, including Neal, to forego reimbursement for the use of their personally-owned automobiles. This policy did not apply to Neal alone. Compare Heidt v. Commissioner, supra at 28. The branch was accountable for its own income and expenses and, as we understand the record, the policy decision by Neal and his staff that personally-owned automobile expenses would not be reimbursed was within Neal's authority as executive director of the branch. Thus, we think the record fairly shows that one condition of Neal's employment was that he take steps to reduce the branch's expenditures so that it could be made self-sustaining and make up the $ 70,000 loss incurred in 1974. It is technically true that, as executive director, Neal could have violated the automobile use policy and obtained reimbursement from the metropolitan headquarters for his own automobile expenses. Had he done so, however, he might have undermined his effort to financially rehabilitate the branch and as a result failed to meet the condition of his employment as executive director. *578 We think Neal's automobile expenses are deductible as ordinary and necessary expenses under section 162(a), [1] Internal Revenue Code of 1954. To reflect the agreed disposition of other adjustments, Decision will be entered under Rule 155. Footnotes
1. Having concluded that the automobile expenses are allowable as business expenses, we express no view as to whether, if not so allowable, they might be deducted as charitable contributions. Compare sec. 1.170A-1(g), Income Tax Regs.↩