RUSSELL E. DUKE AND CHRISTINE E. DUKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; RUSSELL E. DUKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duke v. Commissioner
Docket Nos. 765-79, 10362-79.
United States Tax Court
T.C. Memo 1982-55; 1982 Tax Ct. Memo LEXIS 690; 43 T.C.M. (CCH) 462; T.C.M. (RIA) 82055; February 9, 1982. Russell E. Duke, pro se. Scott A. Taylor, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined the following deficiencies in and additions to the petitioners' Federal income tax: Addition to Tax [1]
Taxable Year
Deficiency
Under section 6653(a)
1975
$ 858.64
$ 42.93
1976
1,244.00
62.20
The issues for decision are (1) whether petitioners are entitled to charitable contributions deductions for social security taxes paid, (2) whether petitioners are entitled to deductions for various claimed business expenses and (3) whether petitioners are liable for additions to tax under section 6653(a) for the taxable years 1975 and 1976. The remaining elements of the proposed deficiencies have been settled by the parties. FINDINGS OF FACT Some of the facts were stipulated. The stipulations *692 of facts and attached exhibits are incorporated herein by this reference. Petitioners Russell E. Duke and Christine E. Duke filed joint Federal income tax returns for the taxable years 1975 and 1976. The petitioners resided in Jacksonville, Florida, at the time they filed their petition in docket No. 765-79. Since that time they have moved to Sioux Falls, South Dakota, where they resided when petitioner Russell E. Duke filed his petition in docket No. 10362-79. [2]
Petitioner Russell E. Duke (hereinafter all references to petitioner in the singular will refer to petitioner Russell E. Duke), together with his father and brother, held all of the stock in a corporation (the corporation) which owned their family farm. Petitioner owned one-third of the stock and was also an officer in the corporation. The farm consisted of 1,040 acres in South Dakota. Petitioner, together with his father and brother, used the farm to raise flax, oats and sunflowers. During the year 1975 petitioner traveled back *693 and forth from Chicago to South Dakota, a distance of approximately 600 miles, on four different occasions. The purpose of this travel was to return to the farm to help his father with the physical labor of arming. Petitioner did not keep any records with respect to his travel expenses nor concerning his automobile mileage. During the taxable year 1975 petitioner rented 80 acres from the corporation to farm on his own behalf. In this capacity he incurred farm expenses of $ 596.86, primarily for fuel, in an unsuccessful attempt to raise a crop on this land. During the taxable year 1976 petitioner spent $ 244.70 on behalf of the family corporation for advertising to try to sell the farm. The corporation did sell the farm in 1976. The petitioner made three trips from Chicago to South Dakota by automobile and spent 39 days in South Dakota during 1976 in his effort to help the corporation sell the farm. He did not live at home during this time. The petitioner did not ask the corporation to reimburse him for these travel and advertising expenses. The petitioners claimed a charitable contributions deduction in the amount of $ 1,596.62 on their Federal income tax return for the *694 taxable year 1975, representing social security taxes which the petitioners paid to the United States Government during that year. On their Federal income tax return for the taxable year 1976, petitioners claimed a charitable contributions deduction in the amount of $ 4,979. This amount included $ 1,414.12 for payment of social security taxes during that year and $ 3,000 for social security taxes paid in previous years. On their Federal income tax return for the taxable year 1975 petitioners claimed a deduction for an "indirect tax due to inflation (12%)" in the amount of $ 1,650.98. The petitioners now concede that they are not entitled to this deduction. The Commissioner, in his statutory notices of deficiency for the taxable years 1975 and 1976, disallowed various deductions claimed by the petitioners on their Federal income tax returns and asserted additions to tax for each year. As to the deduction claimed for farming expenses in the taxable year 1975 in the amount of $ 596.86, the explanation of the adjustment in the statutory notice of deficiency was as follows: "Although not claimed on your return, this deduction has been allowed on the basis of information available. *695 " OPINION The petitioners have claimed various deductions which have been disallowed by the Commissioner. We will first consider the charitable contributions deductions for social security taxes paid which the petitioners claimed in each of the taxable years before us. The petitioners maintain that they are entitled to the claimed charitable contributions deductions because the United States Government is eligible to receive charitable contributions, the contributions are held in a trust account for petitioners' use, and petitioners will never exercise any claims against this trust account because of religious principles. Respondent argues that the payments are not deductible because they are paid principally for the benefit of the payer. We need not consider petitioners' novel theory, although it appears on its face to be based on the unsound assumption that they have a property right in their social security tax payments. [3] The law clearly prohibits the allowance of such deductions. It is well settled that deductions from gross income are matters of legislative grace, and that a deduction is allowable only where there is an authorizing provision in the law. E.g., *696 New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). The Code [4] not only fails to provide for the deduction of an employee's portion of social security taxes but actually prohibits an employee from taking such a deduction. Section 275(a)(1)(A). [5]
The remaining elements of the deficiency at issue consist of various business deductions claimed by the petitioners and disallowed by the Commissioner. These are (1) $ 596.86 claimed by the petitioners in 1975 as expenses of farming, (2) $ 738.60 claimed by the petitioners in 1975 as employee business expenses consisting of travel expenses of petitioner Russell Duke and (3) $ 947.70 [6] claimed by the petitioner in 1976 as employee business expenses consisting of his travel expenses and newspaper advertising expenses which he incurred *697 in connection with the sale of the farm. Petitioners claimed a deduction for farm expenses on their return for 1975 in the amount of $ 596.86. The explanation of the adjustment in the statutory notice of deficiency is set forth in full in our findings of fact above. The explanation is defective because the deduction was claimed on the return and it was disallowed, not allowed. Petitioner Russell Duke testified that he incurred these expenses in connection with his unsuccessful attempt to farm, on his own behalf, 80 acres which he rented from the corporation which owned the land. This testimony is uncontroverted. As the trier of fact we had the opportunity to observe the testimony of Mr. Duke and we found his testimony to be very honest and straightforward. Without regard to the defective explanation in the statutory notice, we hold, on the basis of petitioner's testimony, that the petitioners are entitled to deduct farm expenses incurred during the taxable year 1975 in the amount of $ 596.86. We will *698 now consider petitioner Russell Duke's travel expenses which are claimed in both 1975 and 1976. The petitioner claimed these expenses as an employee who has incurred expenses in connection with his employment. We believe, from Mr. Duke's testimony, that he did incur various travel expenses on behalf of the corporation. But the inquiry does not stop there. While such a deduction might be permitted under section 162, [7] Congress has chosen to impose vigorous additional requirements for the deductibility of travel expenses in section 274. Section 274 provides in pertinent part as follows: SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (d) SUBSTANTIATION REQUIRED--No deduction shall be allowed-- (1) under section *699 162 or 212 for any traveling expense (including meals and lodging while away from home), unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * * (B) the time and place of the travel, entertainment * * * (C) the business purpose of the expense * * *. This statute clearly provides that a taxpayer who seeks to deduct travel expenses must prove by his records or by his corroborated testimony the amount he spent, when he spent it, where he spent it, and how the expenditure related to his business. Thus, section 274(d) sets forth elements that a taxpayer must prove and the kind of proof needed to establish those elements. Regulations have been promulgated to explain further the elements and the standards of proof. See sections 1.274-5(b)(2) and 1.274-5(c), Income Tax Regs. Congress has chosen to impose a rigorous test of deductibility in the area of travel expenses. Each of the foregoing elements must be proved for each separate expenditure. General vague proof, whether offered by testimony or documentary evidence, will not suffice. See Dowell v. United States,522 F.2d 708 (5th Cir. 1975), *700 vacating 370 F. Supp. 69 (N.D. Tex. 1974). The petitioners have not offered this Court any evidence which might meet the substantiation requirements of section 274(d). The petitioners have the burden of proof in this proceeding, Welch v. Helvering,supra, and on this issue, they have failed to meet their burden.Accordingly, we hold for respondent on this issue. The remaining element of the deficiency at issue concerns petitioner Russell Duke's payment of advertising expenses of the corporation in connection with the sale of the family farm in 1976. An expense of a corporation, even if deductible if paid by the corporation, is not deductible by a corporate employee unless the expense incurred is a condition of his employment and he could not be reimbursed by the corporation. Heidt v. Commissioner,274 F.2d 25 (7th Cir. 1959); Fountain v. Commissioner,59 T.C. 696, 708 (1973). Petitioners have not proven these elements necessary to entitle them to the deduction. It is unnecessary to discuss the deductibility of the such expenses to the corporation because its income tax liability is not before us. The final issue before *701 us is the addition to tax under section 6653(a). Section 6653(a) provides for an addition to tax if "any part of any underpayment * * * of any [income] tax * * * is due to negligence or intentional disregard of rules or regulations * * *." The determination of the Commissioner is presumptively correct and the petitioners bear the burden of proving that the additions to tax do not apply. Bixby v. Commissioner,58 T.C. 757, 791 (1972). On review of the record, we find that the petitioners have failed to meet this burden. The determinations of the Commissioner regarding the additions to tax are sustained. To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner Christine E. Duke joined her husband in petitioning this Court in docket No. 765-79 but did not join her husband in his petition to this Court in docket No. 10362-79.↩
3. Summers v. Commissioner,T.C. Memo 1981-545↩. 4. The Internal Revenue Code of 1954, as amended. ↩
5. SEC. 275. CERTAIN TAXES. (a) GENERAL RULE. -- No deduction shall be allowed for the following taxes: (1) Federal income taxes, including -- (A) the tax imposed by section 3101 (relating to the tax on employees under the Federal Insurance Contributions Act);↩
6. The petitioner claimed $ 1,022.36 on his return. In his statutory notice the Commissioner disallowed $ 1,020.36, of which $ 72.66 has been conceded by the respondent.↩
7. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) IN GENERAL--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *.↩