DONALD F. CAMPBELL and ANN C. CAMPBELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Campbell v. Commissioner
Docket No. 17124-86.
United States Tax Court
T.C. Memo 1987-480; 1987 Tax Ct. Memo LEXIS 476; 54 T.C.M. (CCH) 632; T.C.M. (RIA) 87480; September 22, 1987. *476 An employee of petitioner-husband Donald's actuary business calculated a refund for the wrong person employed by Donald's client, the Cook County Employees' Annuity and Benefit Fund (the Fund). As a result, the Fund erroneously paid the wrong person the sum of $ 13,035. Donald's actuary business reimbursed the Fund and claimed a deduction for the amount paid. Donald had an errors and omission policy with a $ 5,000 deductible provision that partially covered the loss resulting from the error of petitioner's employee. Donald did not file a claim for reimbursement with the insurance company. Held, petitioners are not entitled to an ordinary and necessary business expense deduction for the amount paid by Donald's actuary business to reimburse the Fund. Heidt v. Commissioner,274 F.2d 25 (7th Cir. 1959), affg. a Memorandum Opinion of this Court, followed. Jeanne L. Scholz, for the petitioners. Ann M. Murphy, for the respondent. GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) [1] (redesignated as section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub.L. 99-514, 100 Stat. 2753) and Rules *477 180 and 181. Respondent determined a deficiency of $ 4,307 in petitioners 1982 Federal income tax. After concessions by petitioners, the only issue for decision is whether petitioners are entitled to deduct as a business expense the amount of a payment made to the Cook County Employees' Annuity and Benefit Fund of Cook County, Illinois, in excess of the amount allowed by respondent. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated herein by reference. The pertinent facts are summarized below. Petitioners resided in Evanston, Illinois, when they filed their petition in this case. They timely filed their 1982 Federal income tax return with the Internal Revenue Service Center in Kansas City, Missouri. During 1982, Donald F. Campbell (petitioner) was the sole proprietor of a consulting actuary business located at 221 N. LaSalle Street, Chicago, IL 60601. On the business schedule (Form 1040C) attached *478 to his return, petitioner disclosed his business name as "Donald F. Campbell Consulting Actuaries," hereinafter sometimes referred to as "Campbell Actuaries." Campbell Actuaries provides actuarial and administrative services. The firm was hired by the trustees of Cook County Employees' Annuity and Benefit Fund of Cook County, Illinois (the Fund), in 1925 to administer the Fund. The duties of Campbell Actuaries included calculation of the Fund's annual liability. Additionally, the firm calculates refunds for participants who withdraw from the plan prior to retirement. There are approximately 15,000 to 20,000 participants in the Fund. Two participants in the Fund had virtually the same name. When one of these participants withdrew from the Fund, one of the petitioner's clerical employees calculated the paid-in benefits for the wrong participant. As a result of this erroneous calculation by Campbell Actuaries, an improper payment of $ 13,035.45 was made by the Fund to the wrong individual. Petitioner alleges by stipulation that this erroneous payment could not be recovered from the wrongly paid participant and that the attorney for the Fund suggested that petitioner reimburse *479 the Fund. Accordingly, in 1982, Campbell Actuaries reimbursed the County Employees' Annuity and Benefit Fund of Cook County in the amount of the $ 13,035.45 erroneous payment. Petitioner maintained professional liability insurance with Imperial Life and Casualty Company through his broker, Alexander and Alexander. The policy was an errors and omissions policy. The type of error made by petitioner's employee was covered under the insurance policy. The policy provided coverage up to $ 1,000,000 with a $ 5,000 deductible amount. Petitioner did not file a claim with the insurance company for the $ 13,035.45 paid in 1982. Instead, he deducted the amount as an expense on his tax return which he identified as "County Pension Refund." Section 162(a) provides in general that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Expenses to be deductible must be both ordinary and necessary. Podems v. Commissioner,24 T.C. 21, 22 (1955). Respondent has allowed as a deduction petitioner's reimbursement of the fund to the extent of the $ 5,000 deductible which must be paid by the policy *480 holder before any insurance is available from the errors and omissions policy. Respondent has thus conceded that the expense incurred is ordinary by nature. Respondent contends, however, that the balance of the expense claimed ($ 8,035) may not be deducted as a necessary expense since petitioner declined to file a claim for reimbursement with his insurance company. The issue before us is a novel one, for which we find no case directly on point. Respondent argues that petitioner's failure to claim insurance reimbursement to which he was entitled precludes a deduction for the amount he could have been reimbursed by insurance. Respondent primarily relies on Heidt v. Commissioner,274 F.2d 25 (7th Cir. 1959), [2] *482 affirming a Memorandum Opinion of this Court. In that case, the duties of a corporate executive included establishing travel expense allowances for himself and his subordinates.[3] The taxpayer incurred automobile expenses which, for reasons of his own, he failed to claim reimbursement to which he was entitled. The Commissioner disallowed the taxpayer's deduction of these expenses. In affirming our opinion, the Circuit Court commented, "we have a situation where the automobile *481 expense incurred by taxpayer was for the benefit of the employer and taxpayer was clearly entitled to reimbursement * * * [This case] is one where the taxpayer voluntarily gave up reimbursement that he was entitled to receive and could have received if he had claimed it." 274 F.2d at 28. The rule established in Heidt v. Commissioner, supra, is analogous to our factual situation here. The parties have stipulated that the type of error made by petitioner's employee was one covered under the $ 1,000,000/$ 5,000 deductible, errors and omissions policy. Thus, as in Heidt v. Commissioner, supra, petitioner could have claimed reimbursement for the disallowed $ 8,035 pension fund payment, but failed to do so. As in Heidt, reimbursement was available to petitioner had he requested it. The fact that the taxpayer in Heidt was an employee entitled to reimbursement from his employer whereas here, petitioner carried on his business as an individual rather than in the corporate form and was entitled to reimbursement from an insurance company, does not sufficiently distinguish these cases to warrant a different result. Respondent's position is further supported by the case of Whitney v. Commissioner,13 T.C. 897 (1949). In that case, the taxpayer (Whitney) was the sole trustee of a trust formed to liquidate a company in which he was a major stockholder. Whitney's company and a truck driver were sued for $ 20,000 after the trust employee truck driver struck and fatally injured a third party. No suit was commenced by the administratrix of the estate of the decedent against Whitney personally or the trust. However, the administratrix did attach real property in the name of Whitney as trustee, after learning that the company's assets had been transferred to the trust. Whitney was advised by his attorney that he would become personally liable for any judgment in excess of the $ 5,000 maximum insurance on the truck, which had been paid by the insurer to the administratrix. Acting on his counsel's advice, Whitney settled the lawsuit against *483 the truck driver by paying $ 2,750 to the administratrix. Whitney deducted the amount paid as an expense incurred in his trade or business, or as relating to a transaction entered into for profit under section 23(a)(1) and 23(a)(2) of the 1939 Internal Revenue Code. [4] We affirmed respondent's denial of the claimed deduction, stating in part in Whitney v. Commissioner, supra at 901: There is also no suggestion in the record that the trust assets were insufficient to fully reimburse petitioner. In any event, the burden rested on him to establish his inability to recoup his outlay in settling the damage suit. Burnet v. Houston,283 U.S. 223; Boehm v. Commissioner,326 U.S. 287. Losses, to be deductible under the revenue laws, must be actual, realized losses, and in any case where there is a reasonable ground for reimbursement the taxpayer must seek his redress and may not secure a loss deduction until he establishes that no recovery may be had. "It is a startling proposition that a taxpayer may, for reasons of his own, decline to enforce a valid claim against a responsible concern and then assert that he has sustained a business loss which the Government should share." Lee Mercantile Co. v. Commissioner, 79 Fed. (2d) 391. *484 * * * [5]
See also Podems v. Commissioner,24 T.C. 21, 22-23 (1955), where in we said that: Expenses to be deductible must be both ordinary and necessary. Obviously, it was not necessary for [the taxpayer] to remain unreimbursed for the expenses of his automobile to the extent that he could have been reimbursed had he taken the trouble to file a voucher and be reimbursed by his employer. * * * [Emphasis added.] Petitioner, however, argues that he incurred a necessary business expense when Campbell Actuaries erroneously directed the fund to pay the wrong recipient, even though he did not seek reimbursement from the insurer. Petitioner asserts that the Fund had been his client since 1925 and that "he risked losing the Fund's business as well as a lawsuit if reimbursement were not made"; that he "elected not to file a claim because: (1) he feared other actuaries who competed for the Fund's business would *485 learn of the error from the insurer and would undermine petitioner's business relationship with the Fund; and (2) he feared loss of insurance coverage or increased premiums." [6] According to petitioner, the above business reasons were "sufficiently compelling" to forego filing an insurance claim for reimbursement. Petitioner argues that Pepper v. Commissioner,36 T.C. 886 (1961), supports his claim for the deduction in dispute. In that case, we held that the repayment of loans by attorneys to client/leaders who had advanced monies to others at the attorneys' request were made to protect the attorneys' business and were deductible as ordinary and necessary expenses even though the taxpayers were not legally obligated to make these payments. However, in Pepper, unlike this case, we found there was no possibility of reimbursement to the attorneys when they voluntarily paid the amounts in issue. Here, we need not decide whether petitioner would be entitled to the deduction in dispute if he had established that there were adequate and sufficient business reasons for his refusal to file a $ 13,035 claim with his broker on a policy with insurance coverage of $ 1,000,000. See Heidt v. Commissioner,274 F.2d at 28. *486 Petitioner's vague allegations of potential business losses and increased competition are clearly insufficient to establish that any such business reasons existed. See Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner also argues that certain law changes in the Tax Reform Act of 1986 (the Act) support his contention that the expenses in dispute "are not subject to an insurance claim requirement." Petitioner reasons that although the Act now prohibits a deduction for a casualty loss covered by insurance under section 165(c)(3) unless the taxpayer files a timely insurance claim with respect to the loss, this new law does not apply to the "business" losses or expenses claimed as deductions here. The change to section 165(c)(3) in the Act is provided for in section 165(h)(4)(E) of the Internal Revenue Code of 1986. See H. Rept. 99-841 (Conf.) II-342 (1986). [7] *488 *489 However, this law change, as clearly indicated by the House Committee Report set forth below by footnote, effective for years beginning after December 31, 1986, is intended *487 to apply only to taxpayers who fail to file insurance claims with respect to casualty losses suffered to property not used in a trade or business or in a transaction entered into for profit. See Hills v. Commissioner,691 F.2d 997 (11th Cir. 1982), affg. 76 T.C. 484 (1981); Miller v. Commissioner,733 F.2d 399, 404 (6th Cir. 1984), affg. a Memorandum Opinion of this Court, which are overruled by the quoted provisions of the Act. Accordingly, this law change in the Act is of no assistance to petitioner. Nevertheless, petitioner suggests that we interpret this law to mean that losses or expenses incurred in an individual's trade or business rather than involving a casualty loss are deductible in all circumstances, regardless of whether there is available to the taxpayer a fund from which he can seek reimbursement. We were told in International Trading Co. v. Commissioner,484 F.2d 707, 712 (7th Cir. 1973), revg. 57 T.C. 455 (1971), that there was "no room for the exercise of judicial discretion in the construction of Section 165(a)." Here, we find no reason to provide an interpretation of section 162 favorable to petitioner based on that section's alleged relation to the new law enacted by Congress. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and any "Rules" reference shall be deemed to refer to the Tax Court Rules of Practice and Procedure. ↩
2. We recognize that any appeal in this matter is to the Seventh Circuit. See Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971). 3. Although the taxpayer had the authority to review and approve the expense vouchers submitted by subordinates, his own expense vouchers had to be approved by the company president. ↩
4. We note that our opinion inadvertently cites these statutes as section 23(e)(1) and 23(e)(2), which relate to casualty losses. See Whitney v. Commissioner,13 T.C. 897, 899↩ (1949). 5. See Lee Mercantile Co. v. Commissioner,79 F.2d 391, 393↩ (10th Cir. 1935), affg. an order of this Court. 6. We note that petitioner's insurance recovery, if it had been claimed, exceeds the amount of his 1982 insurance expense deduction of $ 6,606. ↩
7. The House Committee Report, H. Rept. 99-426 at 658 (1986), 1986-3 C.B. (Vol.2) 658, discussing Act Sec. 1004, provides as follows: Present Law A taxpayer generally may deduct a loss sustained during the taxable year if the loss is not compensated by insurance or otherwise (sec. 165(a)). For property not connected with a trade or business or a transaction entered into for profit, losses are deductible only if they arise from "fire, storm, shipwreck, or other casualty, or theft." These personal casualty losses are deductible only to the extent that each casualty loss exceeds $ 100, and to the extent that all casualty losses for the year exceed 10 percent of the taxpayer's adjusted gross income (sec. 165(h)). Certain courts have ruled that a taxpayer whose loss was covered by an insurance policy could nevertheless deduct the loss if the taxpayer decided not to file a claim under the terms of the insurance policy. See Hills v. Commissioner,691 F.2d 997 (11th Cir. 1982); Miller v. Commissioner,733 F.2d 399 (6th Cir. 1984). Reasons for Change The deduction for personal casualty losses should be allowed only when a loss is attributable to damage to property that is caused by one of the specified types of casualties. Where the taxpayer has the right to receive insurance proceeds that would compensate for the loss, the loss suffered by the taxpayer is not damage to property caused by the casualty. Rather, the loss results from the taxpayer's personal decision to forego making a claim against the insurance company. The committee believes that losses resulting from a personal decision of the taxpayer should not be deductible as a casualty loss. Explanation of Provision Under the bill, a taxpayer is not permitted to deduct a casualty loss for damages to property not used in a trade or business or in a transaction entered into for profit unless the taxpayer files a timely insurance claim with respect to damage to that property. This requirement applies to the extent any insurance policy would provide reimbursement for the loss in whole or in part. If a policy would provide compensation for the loss, it is immaterial whether the taxpayer is the primary beneficiary of the policy so long as it is within the control of the taxpayer whether to file a claim.