WILLIAM M. CAVITT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cavitt v. Commissioner
Docket No. 38978-86
United States Tax Court
T.C. Memo 1990-366; 1990 Tax Ct. Memo LEXIS 385; 60 T.C.M. (CCH) 160; T.C.M. (RIA) 90366; July 19, 1990, Filed *385 Decision will be entered for the respondent. William *386 M. Cavitt, pro se. Elizabeth Groenewegan, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 1,077 in petitioner's Federal income tax for 1983. The sole issue for decision is whether petitioner, an officer in the United States Navy, is entitled to a deduction for unreimbursed employee business expenses pursuant to section 162(a)(2). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Monterey, California, when he filed his petition. Throughout 1983, petitioner was an aviator in the United States Navy and a member of Attack Squadron 52 (VA-52) (the squadron) which was permanently *387 stationed at Whidbey Island, Washington. In addition to his base pay, which is subject to Federal income tax, petitioner receives allowances for housing (BAQ) and food (BAS), both of which are nontaxable. During 1983, petitioner and the squadron were temporarily assigned to the carrier USS Carl Vinson (the ship) for approximately 280 days. The actual "underway" time petitioner spent aboard the ship was 207 days; however, he spent 73 additional days assigned to the ship while away from Whidbey Island that year. During the time petitioner was assigned to the ship, his BAQ was decreased from $ 286.60 to $ 17.70. Petitioner was able to stay on board the ship without charge. When the ship was not underway, quarters were available on board the ship for petitioner at no charge for 52 of the 73 days. During the remaining 21 days he stayed with family and friends without charge or, for $ 6 to $ 8 per night, he would stay at the bachelor officer's quarters (BOQ). Petitioner did not keep a record of the number of nights he stayed at the BOQ. While assigned to the ship, petitioner continued to incur a rent expense of approximately $ 350 per month for a house he rented near the base *388 on Whidbey Island. Petitioner's BAS of $ 98.17 per month continued during the period he was assigned to the ship. While aboard the ship, he was required to pay a mess bill of approximately $ 120 per month. Although petitioner continued to be assigned to the ship when it was in port, he could go onshore. For approximately 56 days, he missed eating meals aboard ship due to his inability to return to the ship. Petitioner did not present any receipts for his meal expenses or any evidence showing whether the meal and lodging expenses were reimbursable. On his 1983 Federal income tax return, petitioner claimed a deduction for meals and lodging in the amount of $ 2,574. He arrived at this figure, which he considers conservative, by multiplying the standard daily rate of $ 9 by 286 days. [2]
Although petitioner was aware that he would be required to report to the ship in Norfolk, Virginia, in late February 1983, he requested and was granted *389 leave to go to Texas 12 days before his scheduled departure date. He agreed to phone his supervisor every few days since he was required to be readily available if needed. Petitioner planned to return to Whidbey Island a couple of days before the scheduled trip to Norfolk. On February 20, 1983, while he was in Texas, he received verbal orders to report to Norfolk by February 28, because the individual that was designated to meet the squadron in Norfolk was unable to do so. Since the change in plans occurred at the last minute, no written orders were given to petitioner prior to his departure. In response to his verbal orders, petitioner drove his car from Texas to Norfolk. Had he returned to Whidbey Island prior to going to Norfolk, he would have been able to fly in a government plane with the rest of the squadron rather than having to rely on his personal automobile for transportation. He did not need his automobile while in Norfolk. Petitioner drove back to Whidbey Island in November 1983. The order directing petitioner and the squadron to travel from the ship in Norfolk back to Whidbey Island was a "no cost" order. (The Navy issues two types of travel orders: "cost" *390 and "no cost." "Cost" orders anticipate that expenses will be incurred in the travel and provide for their prepayment or reimbursement. "No cost" orders, on the other hand, anticipate that no expenses will be incurred in the travel and therefore do not provide for prepayment or reimbursement.) Petitioner never sought a written order confirming the verbal order to report to Norfolk in February 1983. He admitted that if he had requested written orders and reimbursement, he would have been reimbursed for the cost of the trip. On his 1983 Federal income tax return, petitioner claimed an automobile expense deduction in the amount of $ 1,435, which he calculated by multiplying the 7,000 miles he drove by 20.5 cents per mile. Petitioner did not claim expenses for his meals or lodging for the duration of the trip. He kept a log book in which he recorded his time of travel, mileage and gas, but he did not introduce the log into evidence. OPINION At the outset, we note that deductions are a matter of legislative grace, and taxpayers are required to prove their entitlement to deductions by a preponderance of the evidence. Welch v. Helvering, 290 U.S. 111 (1933); Rule *391 142(a). Section 162(a) permits the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including traveling expenses while away from home in the pursuit of a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. Section 262. The purpose of the allowance of the deduction of expenses incurred while away from home is to mitigate the burden upon the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional living expenses. Tucker v. Commissioner, 55 T.C. 783, 786 (1971); Kroll v. Commissioner, 49 T.C. 557, 562 (1968). To qualify for a deduction under section 162(a)(2), the expenses must meet three requirements: they must be (1) reasonable and necessary; (2) incurred while away from home; and (3) incurred in the pursuit of a trade or business. Section 162(a)(2); Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Respondent first contends that petitioner is not entitled to the claimed deduction for meals and lodging because he has failed to *392 prove that such expenses were necessary. Specifically, he argues petitioner failed to prove that, if he had made a request, he would have been unable to obtain reimbursement of these expenses. A trade or business expense deduction is not allowable to an employee to the extent that the employee is entitled to reimbursement from his or her employer for an expenditure related to his status as an employee. Heidt v. Commissioner, 274 F.2d 25 (7th Cir. 1959), affg. a Memorandum Opinion of this Court; Lucas v. Commissioner, 79 T.C. 1, 6-7 (1982); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. without opinion 456 F.2d 1335 (2d Cir. 1972); Stolk v. Commissioner, 40 T.C. 345, 356 (1963), affd. 326 F.2d 760 (2d Cir. 1964); Podems v. Commissioner, 24 T.C. 21, 22-23 (1955). Petitioner has not shown that the expenses he incurred for meals and lodging would not have been reimbursed by his employer. Consequently, he has failed to establish that such expenses were necessary and therefore has not met his burden of proving his entitlement to the claimed deductions. Moreover, *393 respondent contends that, even if petitioner's expenses otherwise qualified for a deduction pursuant to section 162(a)(2), such expenses must meet the strict substantiation requirements imposed by section 274(d), which provide as follows: No deduction shall be allowed -- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel * * *, [and] (C) the business purpose of the expense or other item * * *
Section 1.274-5(a)(3), Income Tax Regs., elaborates on the requirements of section 274(d): Section 274(d) contemplates that no deduction shall be allowed a taxpayer for [travel expenditures * * *] on the basis of * * * approximations or unsupported testimony of the taxpayer. * * *
Further, section 1.274-5(c)(1), Income Tax Regs., states: Section 274(d) contemplates that a taxpayer will maintain and produce such substantiation as will constitute clear proof of an *394 expenditure for travel, * * * referred to in section 274.
Petitioner failed to provide records, receipts or other evidence to substantiate his claimed deduction for meals and lodging while away from home. Instead, he relies upon approximations and his unsupported testimony. He failed to provide the "clear proof" of his claimed expenses for meals and lodging as required by section 274(d). [3]
*395 With respect to petitioner's claimed automobile expenses, respondent agrees that petitioner drove his car 7,000 miles and, if the expenses associated with the trip are deductible, that petitioner correctly applied the rate of 20.5 cents per mile. See Rev. Proc. 80-7, 1980-1 C.B. 590, as modified by Rev. Proc. 80-32, 1980-2 C.B. 767, superseded by Rev. Proc. 82-61, 1982-2 C.B. 849, as modified by Rev. Proc. 83-74, 1983-2 C.B. 593. However, respondent asserts that petitioner's automobile expenses were not ordinary and necessary because they were reimbursable. We agree with respondent. See Lucas v. Commissioner, supra at 6-7. Petitioner admitted that if he had requested written orders for his travel from Texas to Norfolk and back to Whidbey Island, he would have received written orders. He further admitted that if he had presented the Navy with such orders, he would have been reimbursed. Therefore, we hold that the automobile expenses were not necessary, Podems v. Commissioner, supra, and are not deductible. Since we have found that petitioner's meals, lodging, and automobile expenses *396 were not ordinary and necessary under section 162(a)(2), we need not discuss whether they were incurred while away from home and in pursuit of a trade or business. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It is unclear why petitioner used 286 days in arriving at this figure.↩
3. Limited relief from the strict substantiation requirements is provided with respect to meal expenses while traveling. Section 1.274-5(h), Income Tax Regs., provides that the Commissioner may establish a method under which a taxpayer may elect to use a specified amount for meals while traveling in lieu of substantiating the actual cost of meals. Pursuant to this authority, the Commissioner promulgated Rev. Proc. 83-71, 1983-2 C.B. 590↩, which provides for a deduction for meals of $ 9 per day in case of travel which lasts more than 30 days. However, the taxpayer still must substantiate the time, place, and business purpose of the travel, which he has failed to do here.