**Thomas J. WOODY, Appellant**

v.

**COMMISSIONER OF INTERNAL REVENUE Service, Appellee.**

**No. 09–1193.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 16, 2010.

Bruce E. Gardner, Esquire, The Gardner Law Firm, PC, Washington, DC, for Appellant.

Regina S. Moriarty, Kenneth L. Greene, Supervisory Attorney, U.S. Department of Justice, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, TATEL and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States Tax Court was presented to the court and briefed and argued by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED and ADJUDGED** that the Tax Court's decision sustaining the Internal Revenue Service's disallowance of $23,373 in business-expense deductions claimed in appellant Thomas J. Woody's 2004 tax return is affirmed.

Since the facts in this case "are essentially undisputed," we agree with the Tax Court that the question of which party bears the burden of proof is irrelevant. *Woody v. Comm'r*, No. 30077–07, slip op. at 8, 2009 WL 1230790 (T.C. Apr. 30, 2009). Furthermore, even if the Tax Court erred in failing to shift the burden of proof to the Commissioner, the "error was harmless because the weight of the evidence supported a decision for the Commissioner." *Blodgett v. Comm'r*, 394 F.3d 1030, 1039 (8th Cir.2005) (noting that "a shift in the burden of preponderance has real significance only in the rare event of an evidentiary tie"); *see also Brookfield Wire Co. v. Comm'r*, 667 F.2d 551, 553 n. 2 (1st Cir.1981). Since we have no need to resolve the issue of which party bears the burden of proof in this case, and since the Commissioner's motion to strike portions of the appendix and reply brief seeks only to strike materials relating to this issue, we deny the Commissioner's motion as moot.

The Tax Court did not err, clearly or otherwise, in determining that Woody's expenses were not deductible under 26 U.S.C. § 162(a) because his real estate investment and rental business had not yet commenced when the expenses were incurred. *See Johnsen v. Comm'r*, 794 F.2d 1157, 1160 (6th Cir.1986) ("Courts have consistently held that section 162(a) does not permit current deductions for start-up or pre-opening expenses incurred by taxpayers prior to beginning business opera-

tions."); *see also Jombo v. Comm'r,* 398 F.3d 661, 663 (D.C.Cir.2005) ("We review for clear error the Tax Court's findings of fact and its disposition of mixed questions of law and fact."). A trade or business has commenced for purposes of section 162(a) when it "has begun to function as a going concern and performed those activities for which it was organized." *Richmond Television Corp. v. United States,* 345 F.2d 901, 907 (4th Cir.), *vacated on other grounds,* 382 U.S. 68, 86 S.Ct. 233, 15 L.Ed.2d 143 (1965) (per curiam). According to Woody's May 2004 business plan, the purpose of his business was to "buy[ ], remodel[ ] and rent[ ] property." As the Tax Court concluded, the undisputed facts indicate that the earliest Woody engaged in any of these three activities was December 30, 2004, when he closed on the Randolph Street property. Because Woody incurred all of his claimed expenses before this date, he could not deduct them under section 162(a).

Since Woody never closed on the Bradley Avenue property, and thus never obtained the legal right to lease its apartments, his business did not commence when he entered into a contract to purchase the property or when he executed a contingent agreement to lease one of its apartments if he succeeded in closing on the property. *Cf. Aboussie v. United States,* 779 F.2d 424, 428 (8th Cir.1985) (affirming the district court's finding that a real-estate partnership did not commence business in the year it began constructing apartments that were not ready to rent until a later year); *Johnsen v. Comm'r,* 83 T.C. 103, 105–18, 1984 WL 15596 (1984) (holding that a limited partnership that began constructing apartments and soliciting tenants in 1976 was not engaged in business during that year since no tenants moved into the apartments or made rental deposits until 1977), *rev'd on other grounds,* 794 F.2d 1157 (6th Cir.1986). Al-

though Woody could perhaps have sold his contractual right to purchase the Bradley Avenue property to another party without closing on the property himself, the record contains no evidence that he attempted to engage in such a transaction.

The Seventh Circuit's decision in *Cabintaxi Corp. v. Commissioner,* 63 F.3d 614, 618–21 (7th Cir.1995), which permitted a corporation to deduct under section 162(a) expenses incurred after it entered into an agreement to distribute a German company's "automated transit system," is distinguishable. Woody's activities before he acquired the Randolph Street property were analogous to Cabintaxi's efforts to negotiate the distribution agreement, and the Seventh Circuit clearly indicated that Cabintaxi's business did not commence for purposes of section 162(a) until the agreement was secured. *See id.* at 620–21 ("The business of being a distributor commences with the agreement to distribute the supplier's product, provided that the agreement is followed with reasonable promptitude by bona fide efforts to sell the product....").

Thus, the expenses Woody incurred in searching for a property that would fit his business plan were not immediately deductible under section 162(a). At most, they were start-up expenditures subject to the capitalization and amortization provisions of 26 U.S.C. § 195.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.