T.C. Summary Opinion 2012-88

UNITED STATES TAX COURT

LAWRENCE E. MCPARTLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10637-11S.                    Filed September 5, 2012.

Lawrence E. McPartland, pro se.

<u>Eugene A. Kornel</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2007 Federal income tax of $14,243 and an accuracy-related penalty under section 6662(a) of $2,849.[2]  After a concession by respondent,[3] the issues for decision are:  (1) Whether the expenses petitioner claimed on his Schedule C, Profit or Loss From Business, are deductible for 2007; and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of New York when the petition was filed.

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  All dollar amounts are rounded to the nearest dollar.

[3]  Respondent concedes that petitioner has properly substantiated the payment of all expenses claimed on his 2007 Schedule C, Profit or Loss From Business.

Petitioner formerly worked as a representative for the International Brotherhood of Teamsters for 25 years.

In 2005 petitioner retired from the Teamsters. After speaking with a friend, petitioner became interested in the real estate industry and decided to start a real estate business. Petitioner's business plan was to "get 10 properties, rent it, mortgage it, * * * [and] move on 10 times over". As we understand it on the basis of petitioner's testimony, once he owned 10 properties, he planned to gather a group of investors together to help him repeat the process "10 times over".

In February 2007 petitioner purchased a duplex house comprising two side-by-side one-bedroom apartments (property) for $10,000 in cash. Petitioner was the sole owner of the property. Because the property was in a severe state of disrepair, he began to conduct extensive renovations with the help of local workers. Petitioner intended to rent the property once renovations were completed  but later learned that he needed approval from a local building inspector before he could offer it for rent.

Petitioner did not own or purchase any other real estate in 2007, nor did he rent out any property or hold any property out for rent that year.

In 2009 petitioner completed renovations and obtained approval from the local building inspector to hold the property out for rent. Thereafter, petitioner

engaged a management company to assist him in offering the property for rent. Petitioner, however, did not secure a tenant and rent the property until sometime in 2010.

Petitioner hired a tax professional to prepare his 2007 Form 1040, U.S. Individual Income Tax Return (tax return). Petitioner attached to his tax return a Schedule C on which he reported no gross receipts or sales but claimed total expenses of $61,779 paid in connection with his real estate activity.[4]

Petitioner received a timely notice of deficiency for 2007 in which respondent determined that the expenses petitioner claimed on his Schedule C were not currently deductible.

Discussion

I.  Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears

---

[4] Of the total expenses claimed, the parties stipulate that petitioner "paid $1,081.00 in taxes in 2007 related to the property." However, the record is unclear regarding the specific nature of the taxes petitioner paid (e.g., taxes connected with the acquisition of the property, real property taxes, or otherwise).

the burden of proving that the taxpayer is entitled to any deduction claimed. <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).[5] Accordingly, petitioner bears the burden of proof. <u>See</u> Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. at 115.

## II.      Business Expense Deductions and Startup Expenditures

As noted above, respondent concedes that petitioner has substantiated the payment of all of the expenses he claimed on his Schedule C for 2007. <u>See</u> <u>supra</u> note 3. Respondent contends, however, that those expenses are not deductible for 2007 because petitioner was not "carrying on" a trade or business within the meaning of section 162(a) during that year. According to respondent the expenses claimed are, at best, nondeductible startup expenditures.[6]

Section 162(a) generally allows a deduction for ordinary and necessary expenses paid in connection with carrying on a trade or business. Such expenses, however, must be associated with a trade or business that is functioning at the time the expenses are incurred. <u>Hardy v. Commissioner</u>, 93 T.C. 684, 687 (1989), <u>aff'd</u>

---

[5]  Petitioner has neither alleged nor demonstrated that he satisfied the requirements of sec. 7491(a)(1) to shift the burden of proof to respondent with respect to any factual issue in this case.

[6]  Respondent argues in the alternative that even if the expense claimed by petitioner are not startup expenditures, many of those expenses must be capitalized under sec. 263 and are therefore still not deductible for 2007.

in part, remanded in part per order (10th Cir. Oct. 29, 1990); see also Woody v.

Commissioner, T.C. Memo. 2009-93, 2009 WL 1230790, aff'd, 403 Fed. Appx.

519 (D.C. Cir. 2010); Glotov v. Commissioner, T.C. Memo. 2007-147.  A taxpayer

is not carrying on a trade or business for section 162(a) purposes until the business

is functioning as a going concern and performing the activities for which it was

organized.  Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th

Cir. 1965), vacated and remanded on other grounds, 382 U.S. 68 (1965); see also

Glotov v. Commissioner, T.C. Memo. 2007-147.  Business operations with respect

to the activity must have actually commenced.  McKelvey v. Commissioner, T.C.

Memo. 2002-63, aff'd, 76 Fed. Appx. 806 (9th Cir. 2003).  "Until that time,

expenses related to * * * [the] activity are not 'ordinary and necessary' expenses

currently deductible under section 162 (nor are they deductible under section 212)

but rather are 'start-up' or 'pre-opening' expenses."  Woody v. Commissioner, 2009

WL 1230790, at *4 (citing Hardy v. Commissioner, 93 T.C. at 687-688).

Section 195(a) provides the general rule that no current deduction shall be

allowed for startup or preopening expenses (startup expenditures).  Section

195(c)(1) defines "start-up expenditures" as:

(1)  * * * any amount--

    (A)  paid or incurred in connection with--

        (i)  investigating the creation or acquisition of an active trade or business, or

        (ii)  creating an active trade or business, or

        (iii)  any activity engaged in for profit and for the production of income before the day on which the active trade or business begins, in anticipation of such activity becoming an active trade or business, and

    (B)  which, if paid or incurred in connection with the operation of an existing active trade or business (in the same field as the trade or business referred to in subparagraph (A)), would be allowable as a deduction for the taxable year in which paid or incurred.

Startup expenditures, although not currently deductible, may generally be deducted over time pursuant to section 195.[7] Woody v. Commissioner, 2009 WL 1230790, at *4.

Although it appears that petitioner took steps directed toward the establishment of an active real estate business, his plans to commence the real estate venture he described at trial were never realized in 2007.  Petitioner testified that his

---

[7] We note that startup expenditures do not include "any amount with respect to which a deduction is allowable under section * * * 164".  Sec. 195(c)(1) (flush language).  But cf. Charlton v. Commissioner, 114 T.C. 333, 338 (2000) (concluding that the taxpayers' claimed expenses, including taxes, were nondeductible startup expenditures).

business plan was to "get 10 properties, rent it, mortgage it, move on 10 times over, and then * * * bring this group of people together." Petitioner purchased the property in February 2007 and began to renovate the property thereafter. Petitioner, however, did not complete renovations or offer the property for rent until approximately 2009 and did not actually rent the property until 2010. Moreover, petitioner did not own or purchase any other real estate in 2007. In sum, petitioner has failed to carry his burden of proving that his business operations had actually commenced at the time he paid the claimed expenses. See Glotov v. Commissioner, T.C. Memo. 2007-147. Therefore, we hold that the expenses petitioner claimed on his Schedule C for 2007 were paid to create a planned real estate business and were paid before that business commenced. Consequently, petitioner is not entitled to currently deduct the expenses he claimed on his Schedule C for 2007.[8] See sec. 195(a); Charlton v. Commissioner, 114 T.C. 333 (2000); see also Woody v. Commissioner, T.C. Memo. 2009-93.

---

[8] The parties stipulated that petitioner paid $1,081 in taxes related to the property but did not specify the nature of the taxes paid. See supra note 4. Neither petitioner nor respondent addresses whether the deduction claimed for taxes would be allowable under sec. 164. See sec. 195(c)(1) (flush language). In any event, petitioner claimed the standard deduction on his 2007 tax return. Therefore, given our disposition of the disputed issue herein, we need not, and do not, decide whether petitioner is entitled to a deduction under sec. 164 for 2007 because such a decision would have no tax effect as petitioner's itemized deductions have not been shown to exceed the applicable standard deduction.

Finally, our holding makes it unnecessary to consider respondent's alternative argument regarding capitalization. See supra note 6.

III.    Accuracy-Related Penalty

Respondent determined that petitioner is liable for the accuracy-related penalty under section 6662(a) for a substantial understatement of income tax for the taxable year 2007. Section 6662(a) and (b)(2) imposes a penalty equal to 20% of the amount of any underpayment that is due to a substantial understatement of income tax. An individual substantially understates his or her income tax when the reported tax is understated by the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Respondent has satisfied his burden of production because the record shows that petitioner understated his Federal income tax by $14,243 for 2007, which

amount exceeds $5,000 and thereby constitutes a substantial understatement within the meaning of section 6662(d)(1)(A). See Higbee v. Commissioner, 116 T.C. at 446.

The accuracy-related penalty does not apply to any portion of an underpayment, however, if the taxpayer proves that the taxpayer had reasonable cause for that portion of the underpayment and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. Petitioner bears the burden of proving that the accuracy-related penalty should not be imposed. See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 446.

The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. See Neely v. Commissioner, 85 T.C. 934 (1985). An honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. See Furnish v. Commissioner, T.C. Memo. 2001-286. The most important factor, however, in determining whether a taxpayer acted with reasonable cause and in good faith is the extent of the taxpayer's effort to assess the proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. This factor includes the

taxpayer's reasonable and good-faith reliance on the advice of a tax professional.
Id.

It is clear from the record that petitioner is not a tax expert or experienced in tax matters and relied reasonably and in good faith on his preparer to determine the proper treatment of his expenses. See United States v. Boyle, 469 U.S. 241, 251 (1985). After considering the totality of the facts and circumstances, we are satisfied that petitioner, who provided proper documentation to substantiate all of his reported expenses, acted in good faith and comes within the reasonable cause exception of section 6664(c)(1). Therefore, we hold that petitioner is not liable for the accuracy-related penalty under section 6662(a).

## Conclusion

We have considered all of the arguments advanced by the parties, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to our decision herein.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency in tax and for petitioner as to the accuracy-related penalty under section 6662(a).