T.C. Memo. 2016-189

UNITED STATES TAX COURT

MARTY DALE MARTIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6231-11.                          Filed October 11, 2016.

Marty D. Martin, for petitioner.[1]

William F. Castor, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, Judge:  Respondent determined deficiencies of $6,142, $8,944, and $10,973 in, and accuracy-related penalties of $1,228.40, $1,788.80, and $2,194.60 in relation to, petitioner's Federal income tax for 2005, 2006, and 2007,

_____

[1]Mark R. Widell represented petitioner at trial.  On June 17, 2016, he filed a motion to withdraw as counsel for petitioner, which the Court granted on June 21, 2016.

[*2] respectively.  After concessions, the issues for decision are whether petitioner is:  (1) entitled to claimed deductions for unreimbursed employee business expenses in excess of the amounts respondent allowed for the years in issue; (2) entitled to claimed deductions for trade or business expenses related to his law practice for the years in issue; and (3) liable for accuracy-related penalties for the years in issue.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulated facts and facts drawn from stipulated exhibits are incorporated herein by this reference.  Petitioner resided in Oklahoma when he timely filed his petition.[3]

---

[2]Petitioner conceded that his State income tax refunds of $1,258 and $6,294 should have been included as income for 2005 and 2006, respectively, and that he had unreported interest income of $512 for 2006.  The notice of deficiency also shows adjustments to petitioner's itemized deductions for a mortgage interest expense for 2005 and State income tax for 2007.  Petitioner did not address these issues in his petition or at trial; therefore, they are deemed conceded.  See Rule 34(b); Leahy v. Commissioner, 87 T.C. 56, 73-74 (1986) (addition to tax deemed conceded when not mentioned in brief and no evidence presented at trial).  The adjustments to petitioner's student loan interest deductions for the years in issue were computational and will not be discussed further.  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]The notice of deficiency was issued to petitioner and Brooke Martin for their joint Federal income tax liabilities for the years in issue.  Ms. Martin neither
(continued...)

[*3] I.     Petitioner's Sales Job

Petitioner began working for the Oklahoma Publishing Co. (publisher) as an outside sales professional in 1998.  Brooke Martin began working there in 2004.  During the years in issue petitioner and Ms. Martin were both full-time, salaried employees of the publisher selling newspaper ads to small businesses.

For the years in issue the publisher had a written reimbursement policy whereby it would "reimburse employees for all reasonable and necessary expenses incurred while traveling on authorized company business."  Employees reported their expenses via an internal software program and to their direct managers via hard copy on a "prospect control sheet" with receipts attached.  The publisher reimbursed employees for the business use of their personal automobiles at the rate of 34 cents a mile for the years in issue.  To be reimbursed, employees had to include with their request for reimbursement the:  (1) purpose of the trip, (2) date of travel, (3) location traveled to, and (4) miles traveled.  The publisher would also reimburse an employee for the business use of a personal cell phone if a call was

_____

[3](...continued)
signed nor ratified the petition filed in this case, and, after the trial, the Court dismissed this case as to her for lack of jurisdiction by order dated September 28, 2015.

[*4] reasonable and necessary for conducting company business and a copy of the employee's cell phone bill was attached to his prospect control sheet.

Additionally, the publisher reimbursed employees for entertainment expenses. Employees had to document the who, what, where, when, and why for the entertainment. Entertainment of customers was allowed when: (1) the person or entity being entertained had an actual or potential business relationship with the company; (2) the expenditure directly preceded, included, or followed a business discussion that would benefit the publisher; and (3) a senior-level manager approved the entertainment.

The publisher reimbursed petitioner and Ms. Martin for certain amounts of personal automobile, personal cell phone, and entertainment expenses during each of the years in issue. In 2005 it reimbursed them $7,219.78 for those expenses. In 2006 it reimbursed them $7,397.05 for those expenses. In 2007 it reimbursed them $12,128.37 for those expenses.

Petitioner offered into evidence prospect control sheets and summary documents purporting to show expenses for lunch and dinner business meetings. The prospect control sheets have columns for the client, the date of the business meeting, remarks about the meeting, the amount of the food and drink expenses, and whether the expense was approved or denied. The remarks sections for many

**[*5]** of the meetings contain vague or one-word remarks such as "outlook" or "groupings" or "online". The "amount" column for each expense contains a handwritten figure. Neither the "approved" column nor the "denied" column is marked for any of the expenses listed on the prospect control sheets. No receipts for the purported expenses were offered or entered into evidence with the prospect control sheets. The summary documents were simply spreadsheets petitioner created with the same client names and amounts as listed on the prospect control sheets. Petitioner did produce a computer hard drive and testified that he stored all of his receipts on the hard drive. He also testified that the hard drive was corrupted and that the cost to attempt to retrieve the data stored on the hard drive was prohibitive when weighed against the possibility of a successful data retrieval.

Petitioner testified on cross-examination that the prospect control sheets were used to "informally" show his manager "who * * * [petitioner was] seeing." Petitioner also testified on cross-examination that he never provided to respondent any documentation showing that the publisher denied him any reimbursement. The amounts petitioner listed on the prospect control sheets and the summary documents were considerably less than the amounts he reported on his Forms 2106, Employee Business Expenses, as meals and entertainment expenses for the years in issue.

[*6] II.     Petitioner's Law Practice

In 2003 petitioner passed the Oklahoma bar exam and was licensed to practice law in that State. He opened his law practice that year, and during the years in issue petitioner practiced law out of a rented office in Oklahoma City and a home office. Petitioner continued to work full time for the publisher during the years in issue because his law practice was not generating much income. Petitioner slowly built his law practice on his only professional experience--sales. To that end he traveled across Oklahoma to "shake hands with lawyers in different parts of the state, trying to get referrals." He also observed trials at courthouses throughout the State and introduced himself to court clerks in hopes that his name could be included on court-appointed attorney lists.

Petitioner drove his own automobile to each county courthouse he visited, and he noted on his calendars for the years in issue what county he visited on a certain day.[4] Petitioner did not record the miles driven or his automobile's odometer readings on the calendars. Nor did he write the name of any attorney or court clerk with whom he met or the purpose for any of his travels on his calendars. Petitioner did create a list of the counties he visited with the round-trip

_____

[4]Petitioner drove to the county seat of each county he visited. The Court takes judicial notice of the fact, see Fed. R. Evid. 201, that county courthouses in Oklahoma are in the county seats.

**[\*7]** miles to each county's courthouse for each year in issue. A few counties on each year's list have multiple visits recorded. Petitioner did not create the "mileage report" until the Internal Revenue Service examined his returns for the years in issue in 2008.

III.    Petitioner's Federal Income Tax Returns and the Notice of Deficiency

Petitioner filed joint Federal income tax returns for the years in issue. See supra note 3. Attached to the returns were Schedules A, Itemized Deductions, reporting petitioner's and Ms. Martin's unreimbursed employee business expenses. Petitioner prepared himself, or helped prepare, the Forms 2106 and Forms 2106-EZ, Unreimbursed Employee Business Expenses, that detailed the unreimbursed employee business expenses reported on the Schedules A. Schedules C, Profit or Loss From Business, reporting petitioner's losses from his law practice were also attached to the returns for the years in issue.

A.    2005

On the Schedule A attached to the 2005 return, petitioner reported unreimbursed employee business expenses of $52,450 for vehicle, parking and toll, meals and entertainment, and other expenses.

On the Schedule C attached to the 2005 return, petitioner reported his principal business or profession as "attorney". He reported gross receipts or sales

[*8] of $6,000 and total expenses of $20,283. Petitioner's largest reported expense was car and truck expenses of $9,671. Petitioner reported a loss of $14,283 for his law practice for 2005.

### B.    2006

On the Schedule A attached to the 2006 return, petitioner reported unreimbursed employee business expenses of $37,116 for vehicle, parking and toll, meals and entertainment, and other expenses.

On the Schedule C attached to the 2006 return, petitioner reported his principal business or profession as "attorney". He reported no gross receipts or sales and total expenses of $22,307. Petitioner's largest reported expense was car and truck expenses of $9,900. Petitioner reported a loss of $22,307 for his law practice for 2006.

### C.    2007

On the Schedule A attached to the 2007 return, petitioner reported unreimbursed employee business expenses of $37,830 for vehicle, parking and toll, meals and entertainment, and other expenses.

On the Schedule C attached to the 2007 return, petitioner reported his principal business or profession as "attorney". He reported gross receipts or sales of $6,630 and total expenses of $30,185. Petitioner's largest reported expense was

[*9] car and truck expenses of $15,090. Petitioner reported a loss of $23,555 for his law practice for 2007.

D.    Notice of Deficiency

Respondent issued petitioner a notice of deficiency that determined deficiencies and accuracy-related penalties for all years in issue. Respondent disallowed deductions for all of petitioner's reported unreimbursed employee business expenses except for petitioner's vehicle expenses for each year in issue. For those vehicle expenses respondent allowed petitioner a deduction based on the difference between the publisher's reimbursement mileage rate of 34 cents per mile and the Internal Revenue Service's standard mileage rate for each year in issue. Respondent also disallowed deductions for petitioner's car and truck, depreciation, travel, deductible meals and entertainment, and utilities expenses claimed on the Schedules C for the years in issue and a portion of his "other" expenses for 2007.[5]

---

[5]While petitioner alleged in his petition that all of the Schedule C expenses were for his law practice, there was no credible evidence presented at trial for any of the expenses except his car and truck expenses. Therefore, the remaining disallowed expense deductions are deemed conceded. See supra note 2.

**[*10]**                                            OPINION

Generally, the Commissioner's determination of a deficiency is presumed

correct, and the taxpayer bears the burden of proving it incorrect.  See Rule

142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, deductions are

a matter of legislative grace, and the taxpayer bears the burden of proving his

entitlement to any deductions claimed.  INDOPCO, Inc. v. Commissioner, 503

U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under certain circumstances the burden of proof as to factual matters may

shift to the Commissioner pursuant to section 7491(a).  Petitioner did not argue for

a burden shift under section 7491(a), and the record does not establish that the

prerequisites for a burden shift have been met; therefore, the burden of proof

remains his.

I.      Petitioner's Unreimbursed Employee Business Expenses

Section 162 allows a deduction for "all the ordinary and necessary expenses

paid or incurred during the taxable year in carrying on any trade or business".  A

trade or business includes the trade or business of being an employee.  Lucas v.

Commissioner, 79 T.C. 1, 6 (1982).  A taxpayer is required to maintain adequate

records to substantiate expenses underlying claimed deductions and to establish

his correct tax liability, and when the Commissioner requests such records, the

[*11] taxpayer must produce them. Higbee v. Commissioner, 116 T.C. 438, 440 (2001); Park v. Commissioner, T.C. Memo. 2012-279, at *4; see also sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

A deduction is not allowed under section 162 to an employee to the extent he is entitled to reimbursement from his employer for expenses related to his position as an employee. Lucas v. Commissioner, 79 T.C. at 7 (citing Heidt v. Commissioner, 274 F.2d 25 (7th Cir. 1959), aff'g T.C. Memo. 1959-31, Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), aff'd without published opinion, 456 F.2d 1335 (2d Cir. 1972), Stolk v. Commissioner, 40 T.C. 345, 356 (1963), aff'd, 326 F.2d 760 (2d Cir. 1964), and Podems v. Commissioner, 24 T.C. 21, 22-23 (1955)). This rule prevents a taxpayer from converting his employer's business expenses into his own "simply by failing to seek reimbursement." Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986) (citing Coplon v. Commissioner, 277 F.2d 534, 535 (6th Cir. 1960), aff'g T.C. Memo. 1959-34), aff'g T.C. Memo. 1984-533.

Petitioner alleges he paid tens of thousands of dollars of employee business expenses for the years in issue that the publisher refused to reimburse. Respondent entered into evidence the publisher's written reimbursement policy that states the company will reimburse employees for "all reasonable and

[*12] necessary expenses incurred while traveling on authorized company business." Indeed, the publisher did reimburse petitioner for thousands of dollars of employee business expenses for each year in issue.

Petitioner testified that his manager often refused to reimburse him for business lunches and dinners because petitioner's clients bought only small ads from the publisher. He also testified that the expenses listed on the prospect control sheets were only to show his manager with whom he was meeting. Petitioner neither offered into evidence receipts for any business lunches or dinners--reimbursed or unreimbursed by the publisher--or any document stating that the publisher denied him reimbursement for any expenses, nor called a representative of the publisher to testify. Although petitioner testified that the hard drive on which he stored his receipts was corrupted, he offered no additional evidence to corroborate his testimony about the reported expenses. Petitioner's testimony alone is not enough to substantiate his reported unreimbursed employee business expenses.[6]

---

[6]Although the Court can estimate the deductible amount of an expense if the taxpayer cannot substantiate the precise amount, Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), he must present sufficient evidence for the Court to form an estimate because without such a basis any allowance would amount to unguided largesse, Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Petitioner has

(continued...)

[*13]   Petitioner has failed to prove that he paid any of the expenses listed on the unsubstantiated prospect control sheets and the summary documents and that his reimbursement requests were denied.  See Orvis v. Commissioner, 788 F.2d at 1408; Lucas v. Commissioner, 79 T.C. at 7.  Therefore, petitioner is not entitled to deductions for unreimbursed employee business expenses for the years in issue greater than the amounts respondent already allowed.

II.    Petitioner's Law Practice Expenses

The only expenses reported on petitioner's Schedules C for which petitioner offered any evidence of substantiation were his car and truck expenses for the years in issue.  Petitioner's car and truck expenses, which concern listed property, are subject to the heightened substantiation requirements of section 274(d).  See secs. 274(d)(4), 280F(d)(4)(A)(i).  To deduct his reported car and truck expenses, petitioner must substantiate the amount of the expense (i.e. mileage), the circumstances in which it was incurred, and the business purpose it served.  See sec. 274(d).  The required substantiation must be made by "adequate records or by sufficient evidence corroborating the taxpayer's own statement".  Id.  To meet the "adequate records" test, a taxpayer must "maintain an account book, diary, log,

---

6(...continued)
failed to present sufficient evidence for the Court to form an estimate of his unreimbursed employee business expenses for the years in issue.

**[*14]** statement of expense, trip sheets, or similar record" that, together with other documentary evidence, establishes the required elements of the expenditure.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner testified that the only way he knew how to build a business was through personal introductions--the way he sold ads for the publisher.  To expand his law practice he drove to counties throughout Oklahoma to introduce himself to local attorneys and court clerks and to have his name added to court-appointed attorney and referral lists in those counties.  In addition to his testimony, petitioner entered into evidence his personal calendars for the years in issue and a list of all of the Oklahoma counties to which he traveled with the corresponding round-trip mileage to each county courthouse.  While only the name of the county to which he traveled is written on his calendars, petitioner testified and the Court finds that he drove to the county seat of each county on his mileage list.  See supra note 4.  Petitioner's testimony and mileage list corroborate that he drove to those county seats to visit the county courthouses in furtherance of his law practice.  Therefore, petitioner is entitled to a deduction for the mileage for one round trip from his law

**[\*15]** office in Oklahoma City to the county seat of each county on his mileage lists for each of the years in issue.[7]

III.    Accuracy-Related Penalties

Respondent determined section 6662(a) penalties of $1,228.40, $1,788.80, and $2,194.60 for 2005, 2006, and 2007, respectively.  Section 6662(a) and (b)(2) authorizes a 20% penalty on the portion of an underpayment of income tax attributable to a substantial understatement of income tax.  There is a "substantial understatement" of income tax for any year if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000.  Sec. 6662(d)(1)(A); Higbee v. Commissioner, 116 T.C. at 448.

Under section 7491(c) the Commissioner bears the burden of production with regard to penalties.  Higbee v. Commissioner, 116 T.C. at 446.  Once the

---

[7]Respondent also argued that the car and truck expenses associated with petitioner's law practice were startup expenses because the mileage could not be associated with a specific client or case.  The question with respect to startup expenses is not whether the expenses can be linked to a specific client or case but whether they are "directly connected with or pertain to the taxpayer's trade or business that is functioning as a business at the time the expenses were incurred." Forrest v. Commissioner, T.C. Memo. 2011-4 (quoting Woody v. Commissioner, T.C. Memo. 2009-93, aff'd, 403 F. App'x 519 (D.C. Cir. 2010)).  Petitioner began his law practice in 2003, and it was functioning as a business by 2005, as is evidenced by petitioner's reported $6,000 of gross receipts for that year.

[*16] Commissioner has met the burden of production, the taxpayer has the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. See Rule 142(a); Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), aff'g T.C. Memo. 1982-337; Higbee v. Commissioner, 116 T.C. at 446-447.

The understatements of income tax determined in the notice of deficiency are $6,142, $8,944, and $10,973 for 2005, 2006, and 2007, respectively, which are each greater than $5,000, which in turn is greater than 10% of the tax required to be shown on the respective returns. Petitioner's corrected tax liabilities are $14,461, $22,390, and $21,835 for 2005, 2006, and 2007, respectively. On his returns he reported tax of $8,319, $13,446, and $10,858 for 2005, 2006, and 2007, respectively.

The Court has allowed a portion of petitioner's claimed Schedule C car and truck expenses deduction for his law practice for each year in issue. However, the additional claimed Schedule C expenses deduction and the claimed Schedule A unreimbursed employee business expenses deduction that were disallowed for each year in issue coupled with petitioner's concessions for each year in issue still create a substantial understatement of income tax for each year in issue for

[*17] purposes of the section 6662(a) accuracy-related penalty. Therefore, respondent has met his burden of production.

Pursuant to section 6664(c)(1), no penalty shall be imposed under section 6662 with regard to any portion of an underpayment if it can be shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Whether a taxpayer acted with reasonable cause and in good faith is decided on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Id.; see also Remy v. Commissioner, T.C. Memo. 1997-72.

Petitioner failed to properly substantiate tens of thousands of dollars of unreimbursed employee business expenses reported on his Schedules A and thousands of dollars of expenses reported on his Schedules C for the years in issue. Although he produced the physical hard drive that he testified was corrupted, he did not attempt to reproduce any receipts that he testified were lost through the corruption of the hard drive or offer into evidence bank or credit card statements that could support his testimony concerning the reported expenses. He failed to prove that he acted with reasonable cause and in good faith in his effort to

[*18] assess his proper tax liabilities.  Accordingly, the Court holds that petitioner is liable for the section 6662(a) penalty for each year in issue.[8]

The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[8]Respondent included boilerplate phrases in the notice of deficiency stating that petitioner was liable for accuracy-related penalties for the years in issue because of negligence, a substantial understatement of income tax, or a valuation misstatement.  Because the Court finds that there was a substantial understatement of income tax for each year in issue, a discussion of whether petitioner was negligent is not warranted.  A valuation misstatement was not in issue here.