T.C. Memo. 2021-138

UNITED STATES TAX COURT

VARDAN ANTONYAN AND MARGARITA SAFARYAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13741-18.                    Filed December 13, 2021.

Vardan Antonyan and Margarita Safaryan, pro sese.

Ron S. Chun and Sarah A. Herson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  By notice of deficiency dated May 11, 2018, respondent

determined a deficiency of $3,882 in petitioners' Federal income tax for 2015.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code, Title 26, U.S.C., in effect at all relevant times, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

[*2] On July 12, 2018, petitioners timely filed a petition with this Court seeking redetermination of the deficiency. The issues for decision are whether, for tax year 2015, petitioners are entitled to deduct expenses reported on Schedule C, Profit or Loss From Business, of: (1) $12,700 for car and truck expenses; (2) $5,580 for travel expenses; and (3) $6,783 for other expenses.

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners resided in California when the petition was timely filed.

Paradise Acres Venture

In 2012 or 2013 petitioner husband purchased 10 acres of property in Newberry Springs, California (property). The property was in the middle of the Mojave Desert, approximately 1 mile away from any road and 120 miles away from petitioners' residence. Petitioner husband purchased the property with the intent of developing its natural resources, making it accessible by road, procuring a certification for organic farming, dividing it into parcels, and then renting the parcels to farmers. Petitioner husband called this venture "Paradise Acres" (Paradise Acres venture).

[*3]   To effect the Paradise Acres venture, petitioner husband created a business plan, which first required him to construct a nonlivable outdoor structure, similar to a barn, on the property.  The business plan then required him to obtain a certification from the U.S. Department of Agriculture (USDA) certifying that the land complied with the standards set forth for organic farming.  Finally, the business plan provided for the installation of an irrigation system on the property and the construction of an access road to the property.

Between the time of purchase of the property and before 2015, petitioner husband partially installed a water tank and a rainwater collection system.  He also explored the property and conducted a number of experiments, which included planting a small cactus garden, planting Mesquite trees, mapping the property, and determining the property's topography.  In addition to learning about the property for business purposes during this period, petitioner husband used the property for recreational activities, such as model rocket launches, archery, dry rock wall climbing, campfires, and camping.  Petitioners did not claim any tax deductions relating to the Paradise Acres venture before 2015.

In 2015 petitioner husband, acting as the general contractor, began the construction of his nonlivable outdoor structure on the property.  He:
(1) purchased building materials; (2) rented an industrial commercial truck to

[*4] transport heavy loads of materials to the property; (3) rented a four-wheel tractor-trailer to transport the materials to the building site on the property; (4) established an unpaved vehicle access road to the property; and (5) hired day laborers to assist with the building of the nonlivable outdoor structure. During 2015 petitioner husband worked full time as an engineer; therefore, he was available to work on the property only during weekends.

Tax Return, Notice, Petition, and Trial

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for tax year 2015, attaching a 2015 Schedule C which listed petitioner husband as the proprietor of the business, the "Development property in Newberry Springs" as the principal business, and "Paradise Acres" as the business name. On the Schedule C petitioners reported no gross income and claimed deductions for $12,700 of car and truck expenses, $5,580 of travel expenses, and $6,783 of other expenses, which consisted of $5,000 of startup costs and $1,783 of amortization. Petitioners reported on the Schedule C a total net loss of $25,063 for tax year 2015.

Petitioners also attached to their 2015 tax return Form 4562, Depreciation and Amortization, which listed the "Sch C Development property in Newberry S" as the related business or activity. On the Form 4562 petitioners reported a "Four Wheel Track ren[tal]" as depreciable property. With respect to "Amortization",

[*5] petitioners reported $26,750 of "Amortized Startup Co[sts]" amortizable over a 15-year period, resulting in $1,783 of amortization attributable to tax year 2015. Petitioners reported the $1,783 of amortization as other expenses on the Schedule C.

By notice of deficiency dated May 11, 2018, respondent determined a deficiency of $3,882 for tax year 2015. Attached to the notice of deficiency was a Form 886-A, Explanation of Items, explaining that respondent had disallowed the deduction for (1) car and truck expenses and other expenses as not ordinary and necessary and (2) had disallowed the travel expenses for lack of substantiation.

On October 23, 2019, this case was tried at the Court's trial session in Los Angeles, California. At trial the parties jointly submitted trial exhibits, which included copies of, inter alia, petitioner husband's business plan for the property.

OPINION

I.    Burden of Proof

As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992);

[*6] New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.  A taxpayer is required to maintain and produce records sufficient to enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Such records must substantiate both the amount and purpose of the claimed deductions.  Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

Under section 7491(a)(1), the burden of proof may shift to the Commissioner if the taxpayer has introduced credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax.  The burden of proof, however, does not shift to the Commissioner unless the taxpayer complied with all substantiation requirements, maintained all required records, and cooperated with reasonable requests by the Internal Revenue Service.  Sec. 7491(a)(2); Higbee v. Commissioner, 116 T.C. at 440-441.

**[*7]** A taxpayer who provides only incredible testimony and inconclusive documentation is not considered to have provided credible evidence. Higbee v. Commissioner, 116 T.C. at 445-446; see Blodgett v. Commissioner, 394 F.3d 1030 (8th Cir. 2005), aff'g T.C. Memo. 2003-212. Credible evidence is evidence that, "after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted". Higbee v. Commissioner, 116 T.C. at 442 (quoting H.R. Conf. Rept. No. 105-599, at 240 (1998), 1998-3 C.B. 747, 994).

On the basis of the record before us, this Court concludes that petitioners have not introduced credible evidence with respect to the factual issues presented. Petitioners have provided only incomplete and inconclusive documentation, along with incredible testimony. Because petitioners failed to introduce credible evidence with respect to those factual issues, the burden does not shift to respondent under section 7491(a)(1) and petitioners retain the burden of proof. See Rule 142(a).

II.    Schedule C Expenses

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. For expenses to be deductible under section 162, the expenses must

**[*8]** relate to a trade or business functioning when the expenses were incurred. Hardy v. Commissioner, 93 T.C. 684, 687 (1989). Whether an expenditure satisfies the requirements of section 162 is a question of fact, Commissioner v. Heininger, 320 U.S. 467, 475 (1943), and determining whether a taxpayer's activities constitute the carrying on of a trade or business requires an examination of the facts and circumstances of each case, Commissioner v. Groetzinger, 480 U.S. 23, 36 (1987); Higgins v. Commissioner, 312 U.S. 212, 217 (1941); O'Donnell v. Commissioner, 62 T.C. 781 (1974), aff'd without published opinion, 519 F.2d 1406 (7th Cir. 1975).

A taxpayer has not "'engaged in carrying on any trade or business' within the intendment of section 162(a) until such time as the business has begun to function as a going concern and performed those activities for which it was organized." Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th Cir. 1965), vacated and remanded on other grounds, 382 U.S. 68 (1965). Until that time, expenses related to that activity are not "ordinary and necessary" expenses currently deductible under section 162 (or under section 212) but, rather, are classified as "start-up" or "pre-opening" expenses subject to section 195. Hardy v. Commissioner, 93 T.C. at 687-688, 691-692. "Carrying on a trade or business" requires a showing of more than initial research or investigation of business

**[\*9]** potential, and the business operations must have actually begun. <u>McKelvey v. Commissioner</u>, T.C. Memo. 2002-63, 2002 WL 341044, at \*3, <u>aff'd</u>, 76 F. App'x 806 (9th Cir. 2003).

Whether a taxpayer is engaged in a trade or business is determined using a facts and circumstances test under which courts have focused on the following three factors: (1) whether the taxpayer undertook the activity intending to earn a profit; (2) whether the taxpayer is regularly and actively involved in the activity; and (3) whether the taxpayer's activity has actually commenced. <u>Woody v. Commissioner</u>, T.C. Memo. 2009-93, 2009 WL 1230790, at \*4, <u>aff'd</u>, 403 F. App'x 519 (D.C. Cir. 2010). In the Court of Appeals for the Ninth Circuit, in order for an expense to be deductible under section 162, a taxpayer must demonstrate that his or her "predominant, primary or principal objective" in engaging in the activity was to realize a profit. <u>See, e.g.</u>, <u>Wolf v. Commissioner</u>, 4 F.3d 709, 713 (9th Cir. 1993), <u>aff'g</u> T.C. Memo. 1991-212. Petitioners bear the burden of proving that petitioner husband's activities with respect to the Paradise Acres venture constituted an active trade or business that commenced in 2015. <u>See</u> Rule 42(a).

[*10] Respondent argues, inter alia, that the Paradise Acres venture was not an active trade or business that commenced in 2015.[2] Thus, respondent contends, petitioners are not entitled to deduct the Schedule C expenses they reported for tax year 2015. Respondent highlights as an example, and in support of his position, that petitioner husband never accomplished the first step in his business plan, i.e., the construction of the nonlivable outdoor structure. Respondent further emphasizes that petitioner husband failed to complete the other steps in the business plan, namely: (1) the procurement of an organic farming certification from the USDA, necessary to lease the property for organic farming; and (2) the completion of the irrigation system, necessary for farmers to grow crops in a barren land such as the Mojave Desert. Respondent acknowledges that petitioner husband conducted a number of experiments on the property but asserts that these activities are insufficient to demonstrate that the Paradise Acres venture was an active trade or business for purposes of section 162(a).

---

[2]Respondent alternatively contends in his opening brief that: (1) petitioners' reported Schedule C expenses are nondeductible personal expenses under sec. 262; (2) petitioners' reported Schedule C expenses are nondeductible capital expenditures under sec. 263; (3) petitioners' reported Schedule C startup costs must be capitalized under sec. 195; and (4) petitioners' reported Schedule C expenses have not been substantiated, as required under sec. 6001 and sec. 274(d). In the light of our finding that the Paradise Acres venture had not commenced for purposes of sec. 162(a), we need not address these alternative arguments.

[*11] Petitioner husband testified that the first step in his business plan with respect to the Paradise Acres venture was to construct a nonlivable outdoor structure on the property, and the second step was to procure an organic farming certification from the USDA. On brief petitioners argue that the procurement of an organic farming certificate was not a prerequisite for the Paradise Acres venture to commence because the land could be leased for nonorganic farming or for another purpose. Therefore, petitioners assert, procuring an organic farm certificate was a means to make "additional profit" rather than a requirement for petitioners to lease the property for farming. Petitioners further assert on brief that petitioner husband was "actively managing and engaging" with customers with respect to the property during 2015 and received propositions from prospective customers interested in using the property for breeding dogs, developing a prickly pear farm, and growing cannabis.

Although petitioner husband explored the property and conducted a number of experiments on it, those actions exemplify steps taken to set up a business; they do not indicate that a business has actually commenced and is presently operating as a going concern. See McKelvey v. Commissioner, 2002 WL 341044, at *3-*4 (concluding that, despite conducting economic and market feasibility studies of the property and test-planting trees, the taxpayer did not have an active trade or

[*12] business because he had not planted any more trees, commercially harvested any trees, or even decided which trees to plant for commercial harvesting).

Moreover, petitioners failed to establish that petitioner husband completed any of the steps set forth in his business plan for the Paradise Acres venture. By the end of 2015 petitioner husband had not finished constructing the nonlivable outdoor structure, procured an organic farming certification from the USDA, or finished installing the irrigation system. Because of petitioner husband's failure to complete any of the steps in his business plan, we are not persuaded that the Paradise Acres venture was an active trade or business in 2015 for purposes of section 162.

Assuming, arguendo, that none of the steps in petitioner husband's business plan was necessary to rent the property, petitioners nevertheless failed to produce any evidence to establish that petitioner husband held the property out for rent during 2015. Other than petitioner husband's incredible testimony, petitioners failed to produce any evidence to establish that petitioner husband was actively managing and engaging with potential customers to rent the property during 2015 or that he received any offers from potential customers. See Charlton v. Commissioner, 114 T.C. 333, 338 (2000) (concluding that, despite incurring expenses to renovate several cabins, the taxpayer did not have an active cabin

[*13] rental business until he began offering them for rent and renting them); see also Heinbockel v. Commissioner, T.C. Memo. 2013-125 (concluding that the taxpayers had not begun their vineyard business because they had not planted any vines). Accordingly, we sustain respondent's determinations to disallow the claimed deductions for Schedule C car and truck expenses of $12,700 and travel expenses of $5,580.

With respect to the Schedule C other expenses, which consisted of $5,000 of startup costs and $1,783 of amortization, section 195(b) permits a taxpayer to deduct for the taxable year in which the active trade or business begins up to $5,000 of startup expenditures, reduced by the amount by which those expenditures exceed $50,000. Sec. 195(b)(1)(A). The remainder is allowable as a deduction ratably over the 180-month period beginning with the month in which the active trade or business begins. Sec. 195(b)(1)(B).

As we concluded above, petitioner husband's Paradise Acres venture was not an active trade or business in 2015; thus, petitioners are not entitled to deductions of $5,000 for startup costs and $1,783 for amortization under section 195 on their Schedule C for tax year 2015. Accordingly, we sustain respondent's determination to disallow the claimed deductions for Schedule C other expenses.

**[*14]** III.     <u>Conclusion</u>

For the reasons above, the Court sustains respondent's determinations to disallow deductions for petitioners' Schedule C expenses for tax year 2015.  We have considered all other arguments made by the parties and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.